# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR14-3007-LRR |
| vs. | |
| TRAVIS JAMES EATON, | **ORDER** |
| Defendant. | |

Regarding a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2), the court exercised its discretion and appointed counsel, held a hearing on August 13, 2015 and determined that a reduction in the defendant's term of imprisonment was not justified. The defendant filed a notice of appeal (docket no. 128), an application to appeal in forma pauperis (docket no. 127) and a motion to appoint appellate counsel (docket no. 126) on August 21, 2015. The court's appointment of counsel only pertained to the hearing. Appointed counsel's representation of the defendant concluded at the end of the hearing. The court did not appoint counsel for purposes of pursing appellate relief. There is no right to additional representation. *See United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009) (concluding that there is no right to assistance of counsel when pursing relief under 18 U.S.C. § 3582(c)); *see also United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000) (holding that due process did not require the court to appoint counsel to resolve a 3582(c)(2) motion); *United States v. Webb*, 565 F.3d 789, 794-95 (11th Cir. 2009) (noting that the right to counsel, if any, must come from the Fifth Amendment due process clause, the Sixth Amendment guarantee of counsel or 18 U.S.C. section 3006A(c) and determining that 3582(c)(2) proceedings did not require the court to appoint counsel); *United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996) (stating that the constitutional right to

appointed counsel extends only through the defendant's first appeal and, after that, the decision whether to appoint counsel is discretionary); *United States v. Reddick*, 53 F.3d 462, 464 (2d Cir. 1995) (holding that the Criminal Justice Act did not require appointment of counsel); *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) (holding that 18 U.S.C. § 3006A(c) did not entitle a defendant to appointed counsel). Further, the matter of appointing counsel for appellate purposes is best addressed by the Eighth Circuit Court of Appeals. *Cf. United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008) (assuming that 3582(c)(2) proceeding is not ancillary, but rather collateral, to the original criminal case and exercising its appellate discretion to appoint appellate counsel in the interest of justice). Accordingly, the defendant's motion to appoint appellate counsel (docket no. 126) is denied without prejudice. Regarding in forma pauperis status for appellate purposes, the record indicates that the defendant is indigent. Accordingly, the defendant's application to appeal in forma pauperis (docket no. 127) is granted. The clerk's office is directed to send a copy of this order to the defendant and provide a copy of this order to the attorney who represented the defendant at the hearing, the office of the Federal Public Defender, the office of the United States Attorney and the office of United States Probation. The clerk's office is directed to forward this matter to the Eighth Circuit Court of Appeals for further disposition.

    **IT IS SO ORDERED**.
    **DATED** this 21st day of August, 2015.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA